IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**************************************

UNITED STATES OF AMERICA,

                                                                               Criminal Action No.

        v.                                                  11-CR-377 (GTS)

WILLIAM MORRISON,

        Defendant.

**************************************

**SENTENCING MEMORANDUM OF THE UNITED STATES**

**I**.      **INTRODUCTION**

      The defendant pled guilty to a single count Information charging that on or before June 1, 2008 through June 28, 2010 (arrest date) that he did knowingly and intentionally conspire with others, including Rasheed Daniels and Joel Dorval, to possess with the intent to distribute and did distribute both cocaine base (crack) and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(c). Under the terms of the written agreement the defendant admitted being accountable for 25 grams of crack cocaine and 25 grams of powder cocaine.

      The charge that the defendant pled guilty to, along with the terms of the Plea Agreement entered into by the parties, are set forth in the PSIR. PSIR, pp. 4-5, ¶1-6. The offense conduct is set forth in the PSIR. PSIR, pp. 5-7, ¶7-11. The defendant's statements to probation made during the Pre-Sentence Investigation interview are also set forth in the PSIR. PSIR, pp. 7-8, ¶ 14-16.

      The Information further charged that the Defendant committed the offense of conviction after prior convictions for felony drug offenses. As set forth in the PSIR, on or about March 10, 2010, in Columbia County Court, the defendant was convicted of Criminal Possession of a Controlled

Substance in the Third Degree, and Criminal Possession of Marijuana in the Third Degree, upon which he was sentenced to concurrent five (5) year probation sentences.[1]

The Information and Plea Agreement cited the defendant's prior felony drug convictions and made note of the enhanced penalties affecting the maximum statutory penalties. Additionally, prior to the plea the Government filed a Special Information pursuant to 21 U.S.C. § 851.

This Memorandum addresses the Pre-Sentence Investigation Report (PSIR) and any objections or arguments relating to sentencing made by the Defendant to date. Sentencing in this matter is scheduled for February 3, 2012, at 11:00 am in Albany, NY.

## II.  PRE-SENTENCE INVESTIGATION REPORT

### A.  Factual Findings

The United States adopts the facts set forth in the PSIR submitted by the United States Probation Office on January 3, 2012, without qualification.

### B.  Calculation of the Sentencing Guidelines Range

The United States adopts the offense level computations, the criminal history score, and the resulting Sentencing Guidelines range set forth in the PSIR in all respects.

### The Offense Conduct

We note that the offense conduct is set forth in the PSIR. PSIR, pp. 5-7, ¶ 7-11. The Court is familiar with the underlying facts of this case. As relates to Defendant Morrison, Morrison was recorded via the wiretap(s) engaged in various conversations with primary target Rasheed Daniels. In a series of conversations, Morrison was recorded provided details of co-defendant Joel Dorval's

---

[1] The Defendant was also convicted of Criminal Use of Drug Paraphernalia in the Second Degree, a Class misdemeanor, upon which he received a concurrent three (3) year probation sentence.

arrest to Daniels. Dorval had been arrested by Hudson Police in conjunction with a traffic stop and significant quantity of crack and powder cocaine was recovered from the vehicle. During the conversations between Daniels and Morrison Daniels revealed to Morrison that he had shortly before Dorval's arrest sold Dorval 200 grams of powder cocaine. Daniels indicated in that conversation that what he sold to Dorval had been powder at that time, not crack.

      A reflected in the PSIR, Morrison was intercepted over the wiretap(s) exchanging text messages with Daniels. In the first one, on April 6, 2010, Morrison asked Daniels for "35 dne n 15 nt". A short time later, there was a follow-up text message where Morrison "changed his order" and asked for "mke it 40 n 10". In the affidavit accompanying the wiretap application, law enforcement expressed the view based upon the experience of the agents and from the multiple of intercepted phone calls and text messages they had heard and scene, that these 2 text messages were drug related and encompassed a drug transaction between Daniels and Morrison. Moreover, it was believed that this was a crack/powder cocaine transaction and that in the first message Morrison was ordering 35 grams of crack cocaine and 15 grams of powder cocaine and that in the second message Morrison changed his order to 40 grams of crack cocaine and 10 grams or powder cocaine.

      In his probation interview, Morrison acknowledged that the case agents had been exactly right and that he first order 35 grams of crack and 15 grams of powder and that he changed the order to 40 grams of crack and 10 grams of powder. Moreover, he acknowledged subsequently distributing the cocaine to others. Morrison derived a substantial benefit in this case and was nonetheless permitted to plead guilty to the 25 gram crack and 25 gram powder amount.

### Adjustment for Acceptance of Responsibility

Under U.S.S.G. § 3E1.1(a) and (b) we feel the Defendant is entitled a 3-level offense reduction for his guilty plea, acceptance of responsibility, and the fact that he did so promptly thus permitting the Government and the Court to preserve resources.

### III.     GOVERNMENT'S RECOMMENDATION

The offense level computation, the scoring of the guidelines, and the Defendant's criminal history, including the "scoring" of that history and the facts associated with the Defendant's convictions, are set forth in the PSIR.  PSIR, pp. 8-13, ¶ 17-39.

As noted the Defendant derived a substantial benefit in this case being permitted to plead guilty to an amount less than 28 grams of crack.  Probation has scored a pre-plea offense of 24 and post-plea Adjusted Offense Level of 21.

The Defendant's criminal history category has been scored as 6 points for a Category III. He had 4 points and derived 2 more for being on probation to Columbia County while committing the underlying federal drug trafficking offense.  The resulting Guidelines range is 46-57 months.

The Defendant's criminal history is set forth in the PSIR.  PSIR, pp. 10-12, ¶ 33-36.  The Defendant is presently 25 years of age.  This is now his third felony conviction.  He has other misdemeanor convictions too.  In 2008, at the age of 21, he found guilty of a DWAI violation. That offense was scored 1 point under USSG 4A1.1©.

In 2009, at the age of 22, the Defendant had his second alcohol related offense and was convicted of misdemeanor DWI.  He was a .16% blood alcohol content and he had a quantity of marijuana on his person at the time of the offense.  That conviction was also scored 1 point under the guidelines.

In 2009, he was also separately convicted of misdemeanor Reckless Endangerment Second Degree. He was sentenced to three (3) years probation and was ordered to perform 590 hours of community service. That incident involved him fleeing from police (car chase). It had been reported to or police believed the defendant to be in possession of a handgun. The defendant sped through crowded city streets at speeds exceeding 75 mph. The defendant fled on foot and ultimately as a result of the defendant running from police, no handgun was recovered. The Defendant was later arrested via arrest warrant. Of note, the Defendant had been with Joel Dorval in the car. The Government submits to this Court in consideration of 3553(a) factors that this was an extraordinarily dangerous incident. The Government also sees that probation asked him about this conviction in the present PSIR interview. He denied having had a firearm even though Dorval had waited behind in the car as the police stopped it, and offered no further explanation as to why he otherwise drove 75 mph through city streets and then fled the car from police.

In 2009, he was also convicted of Criminal Possession of a Controlled Substance Third Degree (Possession with Intent to Sell), Criminal Possession of Marijuana Third Degree, and Criminal Use of Drug Paraphernalia Second Degree. Somehow, he received concurrent 5-year probation sentences on the two felonies, concurrent to a 3-year probation sentence on the new misdemeanor, and concurrent to the 3-year probation sentence on the Reckless Endangerment. The underlying facts of that incident are set forth in the PSIR. It involved the execution of a search warrant and marijuana, crack, and powder cocaine was recovered. The PSIR indicates that the Defendant received no jail and/or prison for those offenses. As reflected in the PSIR, the county probation department characterized the Defendant as having favorably adjusted to

probation noting his completion of the community service hours, reporting as directed, and negative drug (use) tests.

Of course, as noted, he committed the underlying federal drug trafficking offense while on probation supervision in Columbia County.  So, over what essentially was a two-year period the Defendant committed DWAI, DWI, what certainly seems like can be characterized as Reckless Endangerment with an aggravated set of underlying facts, two felony drug trafficking crimes, and another drug misdemeanor offense and for each of those but for the first DWAI, he got probation sentences.

For all these reasons, in terms of the criminal history, in terms of him not taking advantage of previous "breaks", in terms of him continuing to commit drug trafficking crimes, in terms of him committing the underlying drug trafficking offense while on probation to another court, and those factors under 3553(a), the Government respectfully asks that the Court impose a sentence at the "high end" of the Guidelines, that is, 57 months in the 46-57 month Guidelines range.

Dated:  January 13, 2012

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney

By:    /S/
Robert A. Sharpe
Assistant U. S. Attorney
Bar Roll No. 302573

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed this document on January 13, 2012.  Email notification was sent to the defendant's attorney:

    Mark J. Sacco, Esq.

                             /S/
                             Robert A. Sharpe
                             Assistant U.S. Attorney
                             Bar Roll No. 302573