UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES of AMERICA

              V.                        SENTENCE MEMORANDUM

WILLIAM MORRISON                11-CR-377 (GTS)

_____

## FACTS

William Chester Morrison, III is a 26 year-old man who on August 17, 2011, pled guilty to a single count which charges him with Conspiracy to Possess and Distribute Cocaine Base (Crack) and Cocaine in violation of 21 U.S.C. §846, and 21 U.S.C. §841 (a)(1).   Mr. Morrison has clearly accepted responsibility for his actions.  Since the time of his arrest in 2010, Mr. Morrison has demonstrated that he can live a productive and balanced life.

## Offender Characteristics

The following discussion of Mr. Morrison's background is not presented for the purpose of excusing the criminal conduct for which he has pled guilty, as he accepts complete responsibility for it.  Rather, it is presented to illustrate his life experiences that may well explain why he now stands before the Court for sentencing, and further, to facilitate the Court's deliberations as to what reasonable sentence should be imposed in this case.

1

### Family Data

William Chester Morrison, III was born on August 27, 1986 in Hudson, New York. Mr. Morrison was raised by his mother and is committed to his family. He has young children that he cares for and he takes his responsibility as a father seriously. Although raised in sometimes difficult circumstances, he understands that he can be successful. His mother, grandmother and several siblings are productive members of society.

### Substance Abuse

Mr. Morrison has had substance abuse issues in the past. While on Pre-Trial release, he successfully completed a four-month treatment program. It should be noted that all drug screenings while on pre-trial release have been negative.

### Education and Vocational Skills

Mr. Morrison graduated from Hudson High School in 2006. After high school he attended Hudson Valley Community College for two semesters. Most recently, in May 2011, he completed a 600 hour course at Austin School of Spa Technology. In November 2011, he received an apprentice barber license from New York State. In January 2012, Mr. Morrison took the New York State Practical Examination to become a Master Barber.

### Employment

Since his graduation from high school, Mr. Morrison has been continually employed as a laborer. He has successfully completed a barber apprenticeship and has taken the Master Barber practical exam. His intention is to become a barber.

**Guideline Sentence**

The guideline sentence outlined in the Presentence Investigation is excessive and greater than necessary to achieve the goals of sentencing. Pursuant to the 2011 edition of the Guidelines Manual, the base offense level is 24. Mr. Morrison has clearly accepted responsibility as evidenced by his conduct and his plea. Pursuant to U.S.S.G. section 3E1.1(b) the defendant moves for a further reduction based on his acceptance of responsibility. His conduct warrants a two-level reduction. Additionally, by timely pleading, Mr. Morrison has saved the Court and Government valuable resources. This conduct warrants an additional one-level reduction.

**Total Offense Level**

Based on the above analysis, Mr. Morrison's total offense level is a level 21. A total offense level of 21, with a criminal history category of III, results in a guideline range of 46 to 57 months.

**Mitigating Role**

Pursuant to U.S.S.G. § 3B1.2(b), the offense conduct of Mr. Morrison should be considered as a mitigating factor. Mr. Morrison was clearly a minor participant in the scheme to distribute narcotics. The culpable conduct of Mr. Morrison is limited to a one (1) month period in 2008 in which he distributed a relatively small amount of narcotics. Accordingly, a two-level reduction is warranted. Should the 2-level departure be granted, Mr. Morrison's guideline range would be 37 – 46 months.

**Factors Under 18 USC 3553(a)**

Since the United States Supreme Court decided *Booker*, on January 12, 2005, the federal Sentencing Guidelines are no longer mandatory, but are instead advisory. Courts must

consider the advisory guidelines range, and consider any departures under the guidelines, but also must take into account the other, traditional, sentencing factors listed in 18 USC 3553(a). *United States v. Crosby*, 397 F3d 103 (2d Cir. 2005).

Section 3553(a) directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A)reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established by the guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Section 3553(a) also requires courts to "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph 2." (Emphasis added).

While *Crosby* did not specify the weight to be given the advisory guidelines versus the other 3553(a) factors, and while different courts have taken different approaches, it is submitted that the best approach is to give no more weight to the guidelines than to any of the other factors. Regarding the guidelines as presumptive still treats them as mandatory, or nearly so, and doesn't properly follow the Supreme Court's *Booker* remedy holding.

**<u>3553(a) Factors Examined</u>**

(1.) <u>Nature and circumstances of the offense and the history and characteristics of the defendant.</u>  The conduct of the Defendant is minor when compared to his co-conspirators.  Mr. Morrison has demonstrated a commitment to his family, an ability to progress educationally and a life-long worker.

(2.)(A) <u>To reflect the seriousness of the offense, to promote respect for the law and to provide **JUST PUNISHMENT** for the offense.</u>  A sentence of time served and a period of probation, would reflect the seriousness of the offense, promote respect for the law and provide just punishment.

(2.)(B) <u>To afford adequate deterrence to criminal conduct.</u>   A sentence of time served and a period of probation, would deter criminal conduct.

(2.)(C) <u>To protect the public from **FURTHER** crimes of the defendant.</u>  There is little chance Mr. Morrison will commit any crime in the future.  A sentence of time served and a period of probation would adequately protect the public.

(2.)(D) <u>To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.</u>  Mr. Morrison is not currently receiving treatment via local providers.  However, a sentence of time served and a period of probation would allow him to continue on his path to becoming a productive member of society.

(3.) <u>The kinds of sentences available.</u>  A sentence of time served and a period of probation is available.

(4.) <u>The sentencing range established by the guidelines.</u>  37-46 months.

(5.) <u>Any pertinent policy statements issued by the Sentencing Commission .</u>  No

specific policy statements supports the imposition of a sentence of 37-46 months.

(6.) <u>The need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.</u>   A sentence of time served with a period of probation would not create a disparity.

(7.) <u>The need to provide restitution to any victims of the offense.</u>  This factor does not apply.

## **CONCLUSION**

Mr. Morrison is unlike many other criminal defendants.  He has clearly demonstrated that he can achieve success.  He values and cares for his children.  He regularly works and has been successful.  He has demonstrated a sense of commitment and discipline by completing a 600 hour course of study and then completing a practical examination in spite of the fact that he was incarcerated twice during the process.

Not only is he intelligent, but he is reasonable and personable.  He will have an opportunity to ensure his children, and perhaps a few others, do not waste their lives sitting in jails and standing in front of judges.  He has the tools and is now asking the Court for an opportunity.

In this case, the factors of 18 U.S.C. 3553(a) strongly support a sentence of time served and a period of probation.  Considering Mr. Morrison's personal circumstances at the time of the offense, the circumstances of the offense, his conduct since the offense and the acceptance of responsibility, a just sentence in this case would be a period of time served and a period of probation.

Dated: January 24, 2012

                                    Respectfully submitted,

                                    LAW OFFICE OF MARK J. SACCO, PLLC

                                    By  */s/Mark J. Sacco*  
                                    Mark J. Sacco  
                                    Bar # 512118  
                                    38 North Ferry Street  
                                    Schenectady, New York 12305  
                                    (518) 374-7411