MANDATE

Case 1:19-cr-00377-GTS Document 63 Filed 03/12/21 Page 1 of 7

19-1860-cr
United States v. Morrison

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                            No. 19-1860-cr

WILLIAM MORRISON,

*Defendant-Appellant*.

------------------------------------------------------------

MANDATE ISSUED ON 03/12/2021

| | | |
|---|---|---|
| FOR DEFENDANT-APPELLANT: | | David Rynkowski, Esq., Rensselaer, NY |
| FOR APPELLEE: | | Rajit S. Dosanjh, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

William Morrison appeals from a judgment of the District Court (Suddaby, C.J.) imposing a sentence of 36 months' imprisonment following his guilty plea to violating the terms of his supervised release. On appeal, Morrison challenges his sentence as procedurally and substantively unreasonable and contends that the eighteen-month delay before his final revocation hearing violated his rights under the Due Process Clause and Federal Rule of Criminal Procedure 32.1. We assume the parties' familiarity with the underlying facts and prior record of

2

1    proceedings, to which we refer only as necessary to explain our decision to

2    affirm.

3           1.   Reasonableness of the Sentence

4           We review a district court's sentencing decision for procedural and

5    substantive reasonableness "under a deferential abuse-of-discretion standard."

6    United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation

7    marks omitted).

8           Morrison argues that his sentence is procedurally unreasonable because

9    the District Court failed to adequately justify its imposition of a sentence outside

10   the advisory Guidelines range.  We disagree.  A sentencing court makes a

11   procedural error if it bases a sentence on a "mistake in its Guidelines

12   calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," "rests its

13   sentence on a clearly erroneous finding of fact," or "fails adequately to explain its

14   chosen sentence," including "any deviation from the Guidelines range."  Id.

15   (quotation marks omitted).  "Where, as here, a defendant does not object at

16   sentencing to a district court's failure to explain its reasoning, we review the

17   procedural challenge for plain error."  United States v. Smith, 949 F.3d 60, 66 (2d

3

1    Cir. 2020).  Here, the District Court adequately articulated its reasons for

2    imposing the above-Guidelines sentence, focusing on Morrison's "deceitful,

3    dangerous, and alarming behavior," which included lying to his probation

4    officer, participating in a cocaine trafficking conspiracy, and possessing a loaded

5    firearm that put the public at risk.  App'x 56–57.  The District Court did not

6    commit procedural error, let alone plain error, warranting resentencing.

7         Morrison next contends that his above-Guidelines sentence is

8    substantively unreasonable because the Guidelines adequately accounted for his

9    conduct and criminal history.  We are not persuaded.

10        A sentence is substantively unreasonable if it "cannot be located within the

11   range of permissible decisions."  Cavera, 550 F.3d at 189 (quotation marks

12   omitted).  We consider the "totality of the circumstances, giving due deference to

13   the sentencing judge's exercise of discretion, and bearing in mind the

14   institutional advantages of district courts."  Id. at 190.  At the revocation hearing,

15   Morrison admitted to four violations of his conditions of supervised release,

16   including participation in a conspiracy to distribute cocaine in violation of

17   federal law, criminal possession of a loaded firearm in violation of state law,

4

1   leaving the judicial district without permission, and consuming alcohol.  App'x

2   48–50.  The District Court expressed particular concern about Morrison's

3   deception and "high-risk activities" that "put[] many lives at risk."  App'x 56–57.

4   And after the District Court responded to Morrison's earlier supervised release

5   infractions with sanctions short of imprisonment, Morrison's behavior had "just

6   got[ten] worse."  App'x 55.  Under these circumstances, we cannot conclude that

7   the sentence imposed was "so shockingly high . . . or otherwise unsupportable as

8   a matter of law" as to be substantively unreasonable.  United States v.

9   Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted).

10         2. Eighteen-Month Delay

11         Morrison also contends that the eighteen-month delay between the filing

12   of the Government's original revocation petition and his revocation hearing

13   violated his rights to due process and to a reasonably prompt revocation hearing.

14         Due process requires that a person accused of violating the conditions of

15   supervised release receive a revocation hearing "within a reasonable time after

16   [the person] is taken into custody."  Morrissey v. Brewer, 408 U.S. 471, 488 (1972);

17   see United States v. Sanchez, 225 F.3d 172, 175 (2d Cir. 2000).  Federal Rule of

5

1   Criminal Procedure 32.1(b)(2) similarly provides that "[u]nless waived by the

2   [releasee], the court must hold the revocation hearing within a reasonable time."

3   In addition to showing that the delay was unreasonable, Morrison must establish

4   prejudice—that is, that the delay "substantially limit[ed]" his "ability to defend

5   against" the charged violations. United States v. Ramos, 401 F.3d 111, 116

6   (2d Cir. 2005).

7       We need not address the reasonableness of the delay—which was caused

8   primarily by Morrison's repeated requests for adjournments—because Morrison

9   has not established that he suffered any prejudice from the delay. Upon review

10  of the record, we do not see how an earlier hearing would have helped Morrison

11  reduce his time in custody. To the contrary, Morrison appears to have benefitted

12  from the repeated delays, which allowed him to obtain new counsel and resolve

13  other pending charges before admitting to the underlying conduct at his

14  revocation hearing. We therefore reject Morrison's argument that the delay

15  violated his constitutional or statutory rights.

We have considered Morrison's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit